UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

NE 80TH STREET, LLC,             CIVIL ACTION:

    Plaintiff,

v.
                                     JUDGE:

ASPEN SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, Aspen Specialty Insurance Company ("Aspen"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action *NE 80th Street, LLC, v. Aspen Specialty Insurance Company*, Case No. 2020-006968-CA-01 on the docket of the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida. In support of its Notice of Removal, Aspen respectfully represents:

    1.    Plaintiff commenced the captioned action by filing a Complaint in the 11th Circuit Court in and for Miami-Dade County, Florida on March 25, 2020.

    2.    Process was transmitted to the Florida Chief Financial Officer and subsequently forwarded to Aspen's agent for service of process on April 28, 2020. A copy of all process and pleadings served upon Aspen in the state court action are attached to the Listing Pursuant to 28 U.S.C. § 1447(b), filed herewith. (A copy of the Notice,

Summons, and Complaint are attached herein as Exhibit A *in globo*).

3. In the Complaint, Plaintiff alleges its property located at 519 N.E. 83 Street, Miami, Florida 33138 sustained a loss on or about January 4, 2019. (Complaint, ¶ 6).

4. Plaintiff alleges Aspen breached an insurance contract with Plaintiff by failing to properly adjust Plaintiff's claim regarding the alleged loss and failing to compensate Plaintiff for its loss. (Complaint, ¶ 18).

5. Plaintiff alleges it is also entitled to recover attorney's fees and costs. (Complaint, ¶ 19).

6. Plaintiff did not assert a specific dollar demand in the Complaint, other than to state that the claim exceeded $30,000. (Complaint, ¶1). Therefore, it is not determinable from the face of the lawsuit as to whether the $75,000 amount in controversy requirement for diversity jurisdiction was satisfied.

7. Aspen investigated the claim and during that process was provided with a sworn proof of loss from Plaintiff in the amount of $715,396.56. However, at the time suit was filed, Aspen had no information as to the membership of the Plaintiff LLC to assess whether diversity of citizenship existed over this claim.

8. Per the Eleventh Circuit, the citizenship of a limited liability company is determined, for diversity purposes, by the citizenship of all the members composing the entity. *Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021–22 (11th Cir. 2004). A limited liability company is a citizen of any state of which a member is a citizen. *Id.* at 1022. To sufficiently allege the citizenship of a limited liability company for the purpose of establishing federal, diversity jurisdiction, Aspen is required

to identify the citizenship of the LLC members. Aspen attempted to obtain this information from the State, but the Florida Division of Corporations through sunbiz.org does not identify the members of the Plaintiff.

9. In an effort to gather information regarding the membership, Aspen issued written discovery to Plaintiff. After months of delay and in advance of a discovery motion hearing, Plaintiff provided written responses on December 2, 2020. (*See* Exhibit C, e-mail chain and Answers to Interrogatories *in globo*). However, the responses identified only the two managers, Saidof Enterprise, LLC, and Teshuva Management, LLC. *Id.* The undersigned wrote to Plaintiff upon receipt of the responses to advise of the deficiency in failing to identify the members. Plaintiff counsel ultimately responded to confirm that the "entities…listed are both manager and member" and their domiciles are "Florida, and do not present a barrier to removal to federal court". *Id.* This response was received on December 3, 2020, and, for the first time, demonstrated diversity of citizenship existed over this suit. As such, this matter is being removed to this Court within 30 days of the receipt of this "other paper".

## **DIVERSITY JURISDICTION**

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between citizens of different states which involves an amount in controversy exceeding $75,000. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

11. There is complete diversity of citizenship between Plaintiff and Defendant. Plaintiff is a Florida Limited Liability Company whose members are domiciled in

Florida. (Exhibit C). Aspen is a corporation organized under the laws of North Dakota, with its principal place of business in New York. Therefore, complete diversity exists between the parties.

12. As discussed above, Plaintiff did not plead a specific amount of recovery in the Complaint. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed". *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 -1320 (11th Cir. 2001). The Court is permitted to review the record for evidence supporting removal jurisdiction when the pleadings are inadequate. *Id.*

13. As demonstrated above, based on the exhibits attached to this Notice of Removal, the Plaintiff's claim for breach of contract seeks damages in excess of $75,000. Further, for the purpose of diversity jurisdiction, attorneys' fees are included as part of the amount in controversy. *Smith v. GTE Corp.,* 236 F.3d 1292, (11th Cir. 2001). As such, the asserted claim for attorneys' fees (if recoverable), supports the conclusion that the amount in controversy exceeds $75,000.

14. Neither Plaintiff's complaint nor the information known to Aspen at the time of service of the complaint indicated the parties were diverse. It could not be ascertained that the members of Plaintiff LLC were diverse until Plaintiff's e-mail dated December 3, 2020.

15. In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is being filed within 30 days after the receipt of an amended pleading, motion, or other paper from which it could be ascertained that the case is one which is or has become removable. Plaintiff's Answers to Interrogatories and e-mail confirming citizenship constitute an "other paper" within the meaning of the removal statute. 28 U.S.C. § 1446(c)(3)(A) specifically provides that a discovery response is an "other paper" within the meaning of the removal statute. Therefore, this Notice of Removal is timely as it is being filed within 30 days of the service of Plaintiff's response.

16. Based on the totality of the evidence in the record before the Court, the amount in controversy exceeds the $75,000 jurisdictional threshold, and that the Court's exercise of diversity jurisdiction in this matter is proper.

## **REMOVAL PROCEDURE**

17. A copy of this Notice of Removal is being served upon all known counsel of record. A copy of a Notice of this Removal is being filed with the Clerk of Court for the Circuit Court in and for Miami-Dade County, Florida.

18. Copies of all process, pleadings, and orders served upon Aspen in the state court action are attached to the Listing Pursuant to 28 U.S.C. § 1447(b), filed herewith.

WHEREFORE, Aspen Specialty Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

**LOBMAN, CARNAHAN, BATT, ANGELLE & NADER**

*/s/ Charles R. Rumbley*
**CHARLES R. RUMBLEY**
Florida Bar No. 1018161
**BENJAMIN J. RUSSELL**
Florida Bar No. 1023443
400 Poydras Street, Suite 2300
New Orleans, LA 70130
Tel.: (504) 586-9292 | Fax: (504) 586-1290
crr@lcba-law.com
bjr@lcba-law.com
FLService@lcba-law.com

*Attorneys for Aspen Specialty Insurance Company*

## Certificate of Service

**I hereby certify** that on December 30, 2020, I served the foregoing document on counsel for Plaintiff, Matthew B. Gold, at the designated e-mail addresses: mgold@mbg-lawfirm.com and michael@morris.law.

*/s/ Charles R. Rumbley*