

**null / ALL**
**Transmittal Number: 21457841**
**Date Processed: 04/29/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Erika Douglas<br>Aspen American Insurance Company<br>175 Capital Blvd<br>Ste 100<br>Rocky Hill, CT 06067-3934 |
| **Electronic copy provided to:** | Timothy Lynch<br>Kim Sliva |

| | |
|---|---|
| **Entity:** | Aspen Specialty Insurance Company<br>Entity ID Number  3721874 |
| **Entity Served:** | Aspen Specialty Insurance Company |
| **Title of Action:** | NE 80th Street, LLC vs. Aspen Specialty Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Miami-Dade County Circuit Court, FL |
| **Case/Reference No:** | 2020006968CA01 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 04/28/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | Chief Financial Officer in FL on 04/24/2020 |
| **How Served:** | Electronic SOP |
| Sender Information: | Matthew B. Gold<br>954-779-6128 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

*20-000107686*

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

| | |
|---|---|
| NE 80TH STREET, LLC | **CASE #:** 2020006968CA01 |
| | **COURT:** ELEVENTH JUDICAL CIRCUIT COURT |
| | **COUNTY:** MIAMI-DADE |
| PLAINTIFF(S) | **DFS-SOP #:** 20-000107686 |

VS.

ASPEN SPECIALTY INSURANCE COMPANY

DEFENDANT(S)

_____/

SUMMONS, COMPLAINT, DISCOVERY, DESIGNATION OF EMAIL

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Friday, April 24, 2020 and a copy was forwarded by ELECTRONIC DELIVERY on Tuesday, April 28, 2020 to the designated agent for the named entity as shown below.

   ASPEN SPECIALTY INSURANCE COMPANY
   LYNETTE COLEMAN
   1201 HAYS STREET
   TALLAHASSEE, FL 32301

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**

*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer

MATTHEW BENNETT GOLD
ATTORNEY AT LAW
MBG LAW FIRM
10101 W. SAMPLE ROAD SUITE 312
CORAL SPRINGS, FL 33065

JM1

IN THE CIRCUIT COURT
OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

NE 80th STREET, LLC — CASE NO. 2020-006968-CA-01

      Plaintiff,

v.

ASPEN SPECIALTY
INSURANCE COMPANY

      Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint for Breach of Contract, Plaintiff's First Request for Production, and Notice of Designation of Email Address in this action on Defendant:

      **Aspen Specialty Insurance Company**
      **c/o Florida Chief Financial Officer, as Registered Agent**
      **Service of Process Section**
      **PO Box 6200**
      **Tallahassee, FL 32314-6200**

The defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, to-wit: **Matthew B. Gold, Esq.** whose address is **MBG Law Firm 10101 W. Sample Road, Suite 110, Coral Springs, Florida 33065** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Dated:        4/10/2020

                          HARVEY RUVIN
                          as Clerk of said Court

(Court Seal)

                          By:_____
                                as Deputy Clerk

*RECEIVED AS STATUTORY REGISTERED AGENT on 24 April, 2020 and served on defendant or named party on 28 April, 2020 by the Florida Department of Financial Services*

IN THE CIRCUIT COURT
OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

NE 80th STREET, LLC                                    CASE NO.

     Plaintiff,

v.

ASPEN SPECIALTY
INSURANCE COMPANY

     Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Pursuant to Rule 1.350, Florida Rules of Civil Procedure, Plaintiff, NE 80th Street, LLC ("Plaintiff"), requests Defendant, Aspen Specialty Insurance Company (the "Insurance Company"), to produce for inspection and copying the following documents at the offices of the undersigned or, in the alternative, that the Insurance Company mail copies of the same to the undersigned within 45 days after service hereof.

### Definitions and Instructions

A.  The term "NE 80" or "Plaintiff" means Plaintiff, NE 80th Street, LLC, including all of its past and present partners, employees, agents, representatives, attorneys, and any other person acting or purporting to act on its behalf.

B.  The term the "Insurance Company" means Defendant, Aspen Specialty Insurance Company, including all of its past and present affiliates, subsidiaries, parent corporations, and all their respective officers, directors, shareholders, partners, employees, agents, representatives, attorneys, and any other person acting or purporting to act on any of its behalf.

C.  The term "Policy" shall mean the policy number PB7555418, which was issued by the Insurance Company and is the subject of the Complaint.

1

D.   The term "Property" shall mean Plaintiff's property located at 519 N.E. 83 Street, Miami, Florida 33138.

E.   The term "Claim" means claim number PB1870040036, for the loss to Plaintiff's Property.

F.   "You" or "Your" shall mean Defendant, the Insurance Company, including its agents, employees or other servants (including independent contractors and subcontractors), attorneys, outside advisors or consultants, investigators, representatives of any kind and any other person acting on its behalf or for its benefit, either directly or indirectly.

G.   The term "communication" means the conveyance of information or knowledge by writing, orally or otherwise and includes, but is not limited to, writings, letters, memoranda, reports, notes, telegrams, interoffice communication electronic mail, audiotapes, videotapes, and computer programs and any form of electromagnetic storage.

H.   The term "document" means and includes any kind of written, typed, electronically produced or recorded or otherwise recorded and any graphic matter, however produced or reproduced, of any kind or description, whether sent or received, and every record of every type, including originals, non-identical copies and drafts, and both sides of any documentation where information appears on both sides, and including but not limited to: letters, correspondence, memoranda, meeting transcripts or minutes, public filings or tax returns, papers, books, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, notes, notations, accountants' working papers, transcriptions, agendas, reports, recordings of telephone or other conversations, of interviews, of conferences or of meetings, telephone messages, diaries, indices, books, reports, ledgers, working papers, invoices, worksheets, receipts, computer printouts, financial statements, schedules affidavits, contracts,

canceled checks, statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, affidavits, statements, summaries, opinions, reports, studies, analysis, evaluations, contracts, agreements, journals, statistical records, calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print-outs, data processing input and output, microfilms, newspapers, magazines, books, periodicals or press releases, including information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored to which you have or had access.   If any responsive information or documentation is stored on computer, then print out a hard or paper copy of such information or documentation or download such information or documentation to a floppy disk. "Document" shall also be deemed to include copies of documents even though the originals are not in your possession, custody or control; every copy of a document which contains handwritten or other notations or which otherwise does not duplicate the original of any other copy; and all attachments to any document.   "Document" shall also be deemed to include any summary of a document or documents called for hereafter.

I.   As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neutral shall include each of the other genders.

J.   The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to make the request inclusive rather than exclusive.   The term "all" means "any and all." The term "each" means "each and every," and the term "every" means "each and every."

K.   The terms "refer" or "relate to" mean setting forth, pertaining to, memorializing,

3

constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

L.   "Relating to" means embodying, pertaining to, concerning, involving, constituting, comprising, reflecting, discussing, evidencing, referring to, consisting of, or having any logical or factual connection whatever with the subject matter in question.

M.   If you claim that the attorney-client or other privilege or attorneys' work product doctrine is applicable to any document the identification of which is sought by these requests, then with respect to each such document, state its date, author(s), recipient(s), present and all previous custodians, location, subject matter, and sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

N.   If you claim that the attorney-client or other privilege or the attorneys' work product doctrine is applicable any event or occurrence including any oral communication, the identification of which is sought by these requests, then with respect to each such event or occurrence, state its date, place and length, identify all persons present at all or any part of the event or occurrence; identify all documents that record, refer, or relate to the event or occurrence; state the subject matter of the event or occurrence; and provide sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

O.   If any document the identification of which is sought by these requests has been destroyed, then state the date and circumstances of its destruction, and identify the person who destroyed the documents and the person who ordered its destruction.

## ITEMS TO BE PRODUCED

1.      A certified copy of the Policy.

2.      All statements taken of Plaintiff.

3.      All statements taken of all independent witnesses or other persons by The Insurance Company relating to coverage for Plaintiff's Claim.

4.      All documents reflecting payments made by Plaintiff for the premiums for the Policy.

5.      All documents reflecting communications between you and Plaintiff relating to the Claim.

6.      All photographs and videotapes of the Property relating to the Claim.

7.      All documents submitted to you by Plaintiff relating to the Claim.

8.      All documents reflecting communications between you and any insurance agent or broker or underwriter relating to coverage for Plaintiff's Claim.

9.      All diagrams, sketches and other drawings depicting the Property relating to the Claim.

10.     All reports relating to the damage to the Property.

11.     All estimates relating to the damage to the Property.

12.     All documents relating to assessments as to the damage to the Property.

13.     All documents reflecting payments you have made relating to damage to the Property.

14.     All documents relating to the coverages the Policy affords to Plaintiff.

15.     All documents relating to your decision not to compensate Plaintiff for its Claim.

16.     All documents to and from adjusters and/or appraisers relating to coverage for Plaintiff's Claim.

17.     All photographs, inspection reports, or other documents relating to the condition of Plaintiff's Property prior to Plaintiff's Claim, including all inspection reports prepared by The Insurance Company before deciding to insure Plaintiff's Property.

18.     All photographs, inspection reports, or other documents relating to the condition of Plaintiff's Property subsequent to Plaintiff's Claim.

19.     All documents confirming the dates and times that you inspected Plaintiff's Property before January 4, 2019.

20.     All documents reflecting the areas of Plaintiff's Property inspected before January 4, 2019.

21.     All documents reflecting the individuals that inspected Plaintiff's Property on your behalf before January 4, 2019.

22.     All documents confirming the dates and times you inspected Plaintiff's property after January 4, 2019.

23.     All documents reflecting the areas of Plaintiff's Property inspected after January 4, 2019.

24.     All documents reflecting the individuals that inspected Plaintiff's Property on your behalf after January 4, 2019.

25.     All documents reflecting who Plaintiff spoke to when it reported the Claim.

Respectfully submitted,

**MBG Law Firm**
*Attorney for Plaintiff*
10101 W. Sample Road, Suite 110
Coral Springs, Florida 33065
Telephone: (954) 779-6128


By: _____
       Matthew B. Gold
       Florida Bar No. 0086481
       mgold@mbg-lawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this _____ day of March, 2020, a true and correct copy of the foregoing Request for Production was delivered to the process server with the Summons and Complaint for service upon Defendant.


_____
       Matthew B. Gold

IN THE CIRCUIT COURT
OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

NE 80th STREET, LLC                                    CASE NO.

     Plaintiff,

v.

ASPEN SPECIALTY
INSURANCE COMPANY

     Defendant.

_____/

## NOTICE OF DESIGNATION OF E-MAIL ADDRESS

Notice is given that Plaintiff, NE 80th Street, LLC, by and through undersigned counsel,

in accordance with Fla. R. Jud. Admin. 2.516, designates the following e-mail address for the

purpose of receiving service in this case:

Primary: mgold@mbg-lawfirm.com

Secondary: dshannon@mbg-lawfirm.com

Respectfully submitted,

**MBG Law Firm**
*Attorney for Plaintiff*
10101 W. Sample Road, Suite 110
Coral Springs, Florida 33065
Telephone: (954) 779-6128

By: _____
     Matthew B. Gold
     Florida Bar No. 0086481
     mgold@mbg-lawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this _____ day of March, 2020, a true and correct copy of

the foregoing Notice of Designation of Email Address was delivered to the process server with

the Summons and Complaint for service upon Defendant.


_____
Matthew B. Gold

IN THE CIRCUIT COURT
OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

NE 80th STREET, LLC

CASE NO.

     Plaintiff,

v.

ASPEN SPECIALTY
INSURANCE COMPANY

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, NE 80th Street, LLC ("NE 80"), sues Defendant, Aspen Specialty Insurance Company (the "Insurance Company"), and alleges:

1.     This is an action for damages in excess of $30,000 exclusive of interest, costs, and attorneys' fees.

2.     At all material times, NE 80 owned and continues to own property in Miami-Dade County, Florida.

3.     The Insurance Company is a foreign company licensed to do business in Florida, and conducting business in Miami-Dade County, Florida.

4.     At all material times, NE 80 entered into an insurance contract with the Insurance Company bearing policy number PB7555418 (the "Policy"), which provided property insurance for NE 80's property located at 519 N.E. 83 Street, Miami, Florida 33138 (the "Property"). Plaintiff has requested a certified copy of the Policy in its First Request for Production and, upon receipt, will file the Policy with the Court.

5.     The Policy provided insurance for NE 80's Property for the period from July 27, 2018 through July 27, 2019.

1

6.      On or about January 4, 2019, NE 80's Property suffered substantial damage as the result of a plumbing break.

7.      The Policy provided coverage for all of the losses, damages, and expenses that NE 80 suffered and incurred.

8.      In accordance with the terms and conditions of the Policy, NE 80 gave the Insurance Company prompt and timely notice of its claim.

9.      The Insurance Company acknowledged coverage for NE 80's claim and assigned it claim number PB1870040036 (the "Claim").

10.     To date, the Insurance Company has failed and refused to provide a coverage position as to NE 80's Claim and has also failed and refused to compensate NE 80 for the damage to its Property.

14.     NE 80 has complied with all terms and conditions of the Policy, and all conditions precedent to the bringing of this action have been performed, waived, or excused.

15.     NE 80 hired undersigned counsel to represent it in this action and is obligated to pay its attorney a reasonable fee for his services.

16.     Pursuant to Chapter 626.9373, Florida Statutes, NE 80 is entitled to recover the legal fees incurred in bringing this action.

## COUNT I
## BREACH OF CONTRACT

17.     NE 80 adopts and realleges paragraphs 1-16 above.

18.     The Insurance Company breached the Policy by failing to provide a coverage position as to NE 80's Claim, failing to properly adjust the Claim, and failing to fully and timely compensate NE 80 for all damages suffered as a result of the loss to its Property.

19.     As a result of the Insurance Company breaches of the Policy, NE 80 has suffered

2

damages exceeding $30,000, exclusive of interest, costs, and fees.

WHEREFORE, NE 80 demands entry of judgment in its favor and against the Insurance Company for damages in excess of the jurisdictional limits of this Court, together with pre-and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

NE 80 demands a trial by jury of all issues so triable as a matter of right.

Dated this 24th day of March, 2020.

Respectfully submitted,

**MBG Law Firm**
*Attorney for Plaintiff*
10101 W. Sample Road, Suite 110
Coral Springs, Florida 33065
Telephone: (954) 779-6128

By: _____
        Matthew B. Gold
        Florida Bar No. 0086481
        mgold@mbg-lawfirm.com

3

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

I.      **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>N.E. 80TH STREET, LLC</u>
 Plaintiff
            vs.
<u>ASPEN SPECIALTY INSURANCE COMPANY</u>
Defendant

---

II.     **AMOUNT OF CLAIM**
     Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>715,397</u>

III.    **TYPE OF CASE**     (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability – commercial
   ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
   ☐ Commercial foreclosure
   ☐ Homestead residential foreclosure
   ☐ Non-homestead residential foreclosure
   ☐ Other real property actions
☐ Professional malpractice
   ☐ Malpractice – business
   ☐ Malpractice – medical

   ☐ Malpractice – other professional
☒ Other
   ☐ Antitrust/Trade Regulation
   ☐ Business Transaction
   ☐ Circuit Civil - Not Applicable
   ☐ Constitutional challenge-statute or ordinance
   ☐ Constitutional challenge-proposed amendment
   ☐ Corporate Trusts
   ☐ Discrimination-employment or other
   ☒ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

☐ County Civil
   ☐ Small Claims up to $8,000
   ☐ Civil
   ☐ Replevins
   ☐ Evictions
   ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Non-monetary declaratory or injunctive relief;
☐ Punitive

**V.      NUMBER OF CAUSES OF ACTION:**
(Specify)

BREACH OF CONTRACT

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

_____

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   _s/ Matthew B Gold_
           Attorney or party
FL Bar No.:  _0086481_
           (Bar number, if attorney)
           _Matthew B Gold_
           (Type or print name)
     Date:  _03/24/2020_

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2020-006968-CA-01

NE 80th ST LLC,

       Plaintiff,

vs.

ASPEN SPECIALTY INSURANCE
COMPANY,

       Defendant.

_____/

## NOTICE OF APPEARANCE AND
## NOTICE OF ELECTRONIC MAIL ADDRESS DESIGNATION

Please take notice that Charles R. Rumbley and Sarah H. Didlake, of the law firm of Lobman, Carnahan, Batt, Angelle & Nader, hereby enter their appearance as counsel for Defendant, Aspen Specialty Insurance Company, pursuant to Rule 2.505(e)(3) of the Florida Rules of Judicial Administration, and file this designation of e-mail addresses for the purpose of receiving filings of record in the instant action, pursuant to Rule 2.516(b)(1)(A) of the Florida Rules of Judicial Administration.

Charles R. Rumbley

    Primary e-mail address:    crr@lcba-law.com
    Secondary e-mail address: FLService@lcba-law.com

Sarah H. Didlake

    Primary e-mail address:    shd@lcba-law.com
    Secondary e-mail address: FLService@lcba-law.com

         Respectfully submitted,

         **LOBMAN, CARNAHAN, BATT,
         ANGELLE & NADER**

          */s Charles R. Rumbley*
         _____

**SARAH H. DIDLAKE**
Florida Bar No. 1015831
**CHARLES R. RUMBLEY**
Florida Bar No. 1018161
400 Poydras Street, Suite 2300
New Orleans, LA 70130
Tel.: (504) 586-9292 | Fax: (504) 586-1290
**shd@lcba-law.com**
**crr@lcba-law.com**

*Counsel for Defendant, Aspen Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been furnished to Matthew Gold, counsel for Plaintiff, via the Florida Courts eFiling Portal eService, on this 4th day of June, 2020, to the designated addresses: mgold@mbg-lawfirm.com and dshannon@mbg-lawfirm.com.

*/s Charles R. Rumbley*
_____

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2020-006968-CA-01

NE 80th ST LLC,

        Plaintiff,

vs.

ASPEN SPECIALTY INSURANCE
COMPANY,

        Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes Defendant, Aspen Specialty Insurance Company ("Aspen"), and files this Answer to the Complaint filed by Plaintiff, NE 80th Street, LLC, as follows:

1.

The allegations of Paragraph 1 of the Complaint are denied except to admit that Plaintiff has asserted a claim which it believes to be worth in excess of $30,000.

2.

The allegations of Paragraph 2 of the Complaint are denied for lack of sufficient information as to what, if anything, Plaintiff may own.

3.

The allegations of Paragraph 3 of the Complaint are denied except to admit that Aspen is a foreign, surplus lines insurance company engaged in the business of issuing surplus lines policies in Florida.

4.

The allegations of Paragraph 4 of the Complaint are denied as written except to admit that Aspen issued policy no. PB7555418 wherein NE 80th Street LLC and 515 NE 83rd LLC appeared as the named insured, with effective dates of 7/27/2018 – 7/27/2019, for a property located at 519 NE 83rd Street Miami, Florida 33138, (the "Policy"). Said Policy is the best and only evidence of its content.

5.

The allegations of Paragraph 5 of the Complaint are denied as written except to admit that Aspen issued policy no. PB7555418 wherein NE 80th Street LLC and 515 NE 83rd LLC appeared as the named insured, with effective dates of 7/27/2018 – 7/27/2019, for a property located at 519 NE 83rd Street Miami, Florida 33138, (the "Policy"). Said Policy is the best and only evidence of its contents.

6.

The allegations of Paragraph 6 of the Complaint are denied.

7.

The allegations of Paragraph 7 of the Complaint are denied.

8.

The allegations of Paragraph 8 of the Complaint are denied.

9.

The allegations of Paragraph 9 of the Complaint are denied except to admit that claim number PB1870040036 was assigned.

10.

The allegations of Paragraph 10 of the Complaint are denied as written except to admit

2

that Aspen has not issued payment in connection with the claim.

11.

The allegations of Paragraph 14[1] of the Complaint are denied. Plaintiff failed to cooperate with Aspen's claim investigation by permitting full and timely inspection of the property, and failing to respond to requests for documentation and information.

12.

The allegations of Paragraph 15 of the Complaint are denied.

13.

The allegations of Paragraph 16 of the Complaint are denied.

14.

The allegations of Paragraph 17 of the Complaint are denied.

15.

The allegations of Paragraph 18 of the Complaint are denied.

16.

The allegations of Paragraph 19 of the Complaint are denied.

## **AFFIRMATIVE DEFENSES**

Aspen asserts the following affirmative defenses to the claims asserted by Plaintiff.

17.

Some or all of the damages alleged in Plaintiff's Complaint are not covered under the provisions of the Policy, in whole or in part, or may be excluded from coverage, in whole or in part, pursuant to the terms, conditions, exclusions, and limitations contained within the

---

[1] The Complaint omits paragraphs 11, 12, and 13.

3

Policy, the contents of which are plead as if copied herein *in extenso*. The relevant Policy

provisions may include, but are not limited to:

**A.     COVERAGE**
We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1.   Covered Property**
Covered Property, as used in this Coverage Part, means the type of property described in this Section, **A.1.**, and limited in **A.2.**, Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

**a.   Building,** meaning the building or structure described in the Declarations, including:
**(1)** Completed additions;
**(2)** Fixtures, including outdoor fixtures;
**(3)** Permanently installed:
  **(a)** Machinery and
  **(b)** Equipment;
**(4)** Personal property owned by you that is used to maintain or service the building or structure of its premises, including:
  **(a)** Fire extinguishing equipment;
  **(b)** Outdoor furniture;
  **(c)** Floor coverings, and
  **(d)** Appliances used for refrigeration, ventilating, cooking, dishwashing or laundering;
**(5)** If not covered by other insurance:
  **(a)** Additions under construction, alterations and repairs to the building or structure;
  **(b)** Materials, equipment, supplies and temporary structures, on or within 100 feet of the described premises, used for making additions, alterations or repairs to the building or structure.

\*\*\*

**2.   Property Not Covered**
Covered Property does not include:

**d.**   Bridges, roadways, walks, patios or other paved surfaces;
**f.**   The cost of excavations, grading, back filling or filling;
**g.**   Foundations of buildings, structures, machinery or boilers if their foundations are below:
**(1)** The lowest basement floor; or
**(2)** The surface of the ground if there is no basement.
**h.**   Land (including land on which the property is located), water, growing crops or lawns;

4

    **k.**  Property that is covered under this or any other policy in which it is more specifically described, except for the excess of the amount due (whether you can collect on it or not) from that other insurance;

    **l.**  Retaining walls that are not part of a building;

    **m.** Underground pipes, flues or drains;

\*\*\*

**E.**    **Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

**3.**  **Duties In The Event Of Loss Or Damage**

    **a.**  You must see that the following are done in the event of loss or damage to Covered Property:

      **(1)**  Notify the police if a law may have been broken.

      **(2)**  Give us prompt notice of the loss or damage. Include a description of the property involved.

      **(3)**  As soon as possible, give us description of how, when and where the loss or damage occurred.

      **(4)**  Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim.  This will not increase the Limit of Insurance.  However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss.  Also, if feasible, set the damaged property aside in the best possible order for examination.

      **(5)**  At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

      **(6)**  As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

      **(7)**  Send us a signed, sworn proof of loss containing the information we request to investigate the claim.  You must do this within 60 days after our request.  We will supply you with the necessary forms.

      **(8)**  Cooperate with us in the investigation or settlement of the claim.

    **b.**  We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

Aspen sent multiple written requests to Plaintiff seeking documentation and information from the insured necessary to evaluate the claim. Plaintiff failed to provide meaningful responses to these requests. Further, Plaintiff failed to provide Aspen with full access to the property for inspection and restricted access to limited areas. In fact, Aspen made three attempts to conduct a full inspection of the property, but was denied access to the entire building on each occasion.

18.

The Policy is further subject to the following conditions which may limit or exclude damages claimed by the Plaintiff. The relevant Policy provisions may include, but are not limited to:

**A. CONCEALMENT, MISREPRESENTATION OR FRAUD**
This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
**1.** This Coverage Part;
**2.** The Covered Property;
**3.** Your interest in the Covered Property; or
**4.** A claim under this Coverage Part.
***
**H. POLICY PERIOD, COVERAGE TERRITORY**
Under this Coverage Part:
**1.** We cover loss or damage commencing:
  **a.** During the policy period shown in the Declarations; and
  **b.** Within the Coverage territory.

19.

The Policy also contains the following exclusions which may limit or exclude damages claimed by the Plaintiff. The relevant Policy provisions may include, but are not limited to:

**B. Exclusions**
**1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any

other cause or event that contributes concurrently or in any sequence to the loss.

\*\*\*

**g. Water**

**(1)** Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);

**(2)** Mudslide or mudflow;

**(3)** Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment; or

**(4)** Water under the ground surface pressing on, or flowing or seeping through:

**(a)** Foundations, walls, floors or paved surfaces;

**(b)** Basements, whether paved or not; or

**(c)** Doors, windows or other openings; or

**(5)** Waterborne material carried or otherwise moved by any of the water referred to in Paragraph **(1), (3),** or **(4),** or material carried or otherwise moved by mudslide or mudflow.

This exclusion applies regardless of whether any of the above, in Paragraphs **(1)** through **(5),** is caused by an act of nature or is otherwise cause. An example of a situation to which this exclusion applies is the situation where a dam, levee, seawall or other boundary or containment system fails in whole or in part, for any reason, to contain the water.

But if any of the above, in Paragraphs **(1)** through **(5),** results in fire, explosion or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion or sprinkler leakage (if sprinkler leakage is a Covered Cause of Loss).

**h. "Fungus", Wet Rot, Dry Rot And Bacteria**

Presence, growth, proliferation, spread or any activity of "fungus", wet or dry rot or bacteria.

But if "fungus", wet or dry rot or bacteria results in a "specified cause of loss", we will pay for the loss or damage caused by that "specified cause of loss".

This exclusion does not apply:

**1.** When "fungus", wet or dry rot or bacteria results from fire or lightning; or

**2.** To the extent that coverage is provided in the Additional Coverage, Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria with respect to loss or damage by a cause of loss other than fire or lightning.

Exclusions **B.1.a.** through **B.1.h.** apply whether or not the loss event results in widespread damage or affects a substantial area.

**2.** We will not pay for loss or damage caused by or resulting from any of the

7

following:

    **d. (1)** Wear and tear;

        **(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

        **(3)** Smog;

        **(4)** Settling, cracking, shrinking or expansion;

        **(5)** Nesting or infestation, or discharge or release of waste products or secretions**,** by insects, birds, rodents or other animals.

        **(6)** Mechanical breakdown, including rupture or bursting caused by centrifugal force. But if mechanical breakdown results in elevator collision, we will pay for the loss or damage caused by that elevator collision.

        **(7)** The following causes of loss to personal property:

            **a.** Dampness or dryness of atmosphere;

            **b.** Changes in or extremes of temperature; or

            **c.** Marring or scratching.

        But if an excluded cause of loss that is listed in **2.d.(1)** through **(7)** results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

    \*\*\*

    **f.** Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

    \*\*\*

    **l.** Discharge, dispersal, seepage, migration, release or escape of "pollutants" unless the discharge, dispersal, seepage, migration, release or escape is itself caused by any of the "specified causes of loss". But if the discharge, dispersal, seepage, migration, release or escape of "pollutants" results in a "specified cause of loss", we will pay for the loss or damage caused by that "specified cause of loss".

        This exclusion, **l.,** does not apply to damage to glass caused by chemicals applied to the glass.

    **m.** Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

**3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

    \*\*\*

    **b.** Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

    **c.** Faulty, inadequate or defective:

        **(1)** Planning, zoning, development, surveying, siting;

        **(2)** Design, specifications, workmanship, repair, construction,

renovation, remodeling, grading, compaction;

**(3)**    Materials used in repair, construction, renovation or remodeling;

**(4)**    Maintenance;

of part of all of any property on or off the described premises.

20.

In the alternative, because Plaintiff sured failed to satisfy one or more conditions precedent to recovery, as set forth above, including but not limited to Plaintiff's failure to allow examination of records relevant to Plaintiff's claims or otherwise cooperate in the investigation of the claim, Aspen is excused from performing under the Policy. Accordingly, Plaintiff has no cause of action against Aspen for which relief can be granted. Additionally and in the alternative, Aspen has fully performed any obligations owed to Plaintiff.

21.

Plaintiff's damages, if any, must be offset by the amount of the applicable policy deductible.

22.

In the alternative, Plaintiff is barred from any recovery against Aspen to the extent it is subsequently determined in discovery that Plaintiff failed to mitigate damages.

23.

Plaintiff's damages, if any, must be limited by the amount set forth in the limitations provisions of the Policy.

24.

Plaintiff has not provided Aspen with satisfactory proof of a covered loss.

## RESERVATION OF RIGHTS

### 25.

Aspen reserves all of its rights and defenses under the Policy, as well as under all applicable laws.

### 26.

Aspen reserves its right to supplement and amend its Answer to add additional affirmative defenses as necessary during the course of this proceeding.

## JURY TRIAL DEMAND

### 27.

Aspen demands a trial by jury as to all issues so triable.

WHEREFORE, Aspen Specialty Insurance Company, defendant herein, prays that the claims asserted against it be dismissed with prejudice, that judgment be entered directing that Plaintiff take nothing in this action, and that Aspen be awarded its reasonable costs and attorneys' fees, and such other and further relief as may be appropriate.

Respectfully submitted,

**LOBMAN, CARNAHAN, BATT, ANGELLE & NADER**

*/s Charles R. Rumbley*

**SARAH H. DIDLAKE**
Florida Bar No. 1015831
**CHARLES R. RUMBLEY**
Florida Bar No. 1018161
400 Poydras Street, Suite 2300
New Orleans, LA 70130
Tel.: (504) 586-9292 | Fax: (504) 586-1290
**shd@lcba-law.com**
**crr@lcba-law.com**
*Counsel for Defendant, Aspen Specialty*

10

*Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been furnished to Matthew Gold, counsel for Plaintiff, via the Florida Courts eFiling Portal eService, on this 4th day of June, 2020, to the designated addresses: mgold@mbg-lawfirm.com and dshannon@mbg-lawfirm.com.

*/s Charles R. Rumbley*
_____

IN THE CIRCUIT COURT
OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

NE 80th STREET, LLC                         CASE NO. 2020-006968-CA-01

     Plaintiff,

v.

ASPEN SPECIALTY
INSURANCE COMPANY

     Defendant.

_____/

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Pursuant to Rule 1.140(f), Florida Rules of Civil Procedure, Plaintiff, N.E. 80th Street, LLC, moves for an order from this Court striking Defendant, Aspen Specialty Insurance Company's (the "Insurance Company"), Eighteenth, Nineteenth, and Twenty Sixth affirmative defenses. The grounds for this Motion are:

### Legal Standard

As part of the pleadings, affirmative defenses must set forth "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." Fla. R. Civ. P. 1.110(b). Thus, statements that are "mere conclusion[s] not supported by any specific allegation of facts" are properly stricken. *Chris Craft Indus., Inc. v. Van Valkenberg,* 267 So. 2d 642, 645 (Fla. 1972); *see also Zito v. Washington Fed. S & L Ass'n*, 318 So. 2d 175, 176 (Fla. 3d DCA 1975) ("[T]he requirement of certainty will be insisted upon in the pleading of a defense; and the certainty required is that the pleader must set forth the facts in such a manner as to reasonably inform his adversary of what is proposed to be proved in order to provide the latter with a fair opportunity to meet it and prepare his evidence").

Moreover, in pleading affirmative defenses, "[t]he grounds on which any of the

enumerated defenses are based and the substantial matters of law intended to be argued *shall be stated specifically and with particularity* in the responsive pleading or motion."  Fla. R. Civ. P. 1.140(b) (emphasis added); *see also Florida East Coast Ry. Co. v. Peters*, 73 So. 151, 165 (Fla. 1916) (stating that affirmative defenses "must be pleaded specifically").

An affirmative defense is valid only when the defense admits the cause of action and supporting facts asserted by a preceding pleading, and "raise[s] some new matter which defeats an otherwise apparently valid claim." *Wiggins v. Portmay Corp.*, 430 So. 2d 541, 542 (Fla. 1st DCA. 1983); *see Gatt v. The Keyes Corp.*, 446 So. 2d 211, 212 (Fla. 3d DCA 1984) (affirming the trial court's order striking affirmative defenses because the purported defenses merely denied the allegations in the complaint).

### The Insurance Company's Eighteenth and Nineteenth Affirmative Defenses are Bare-Bones Conclusory Allegations

The Insurance Company's First and Second affirmative defenses fail to allege any specific or particular facts to support their bare-bones, conclusory allegations.  A copy of the Insurance Company's Answer and Affirmative Defenses is attached as Exhibit A.  These defenses are patently defective because they lack anything resembling specific facts and, thus, violate the pleading requirement that defenses be stated specifically and with particularity.  Fla. R. Civ. P. 1.140(b).  Further, these are not legitimate defenses, but rather conclusory assertions that: (i) Plaintiff's loss is excluded under the insurance policy, (ii) Plaintiff failed to comply with the post-loss conditions of the policy, and/or (iii) a statement as to the general applicability of the policy.

Further, the Insurance Company's Eighteenth and Nineteenth "defenses" are similarly deficient in that they merely recite exclusionary provisions and post-loss conditions from the insurance policy without providing any facts to support the applicability of the stated provisions

and conditions to the facts of the Complaint.  In fact, courts have stricken similar pleadings which "present conclusory, bare-bones allegations" by merely reciting insurance policy provisions or generally referencing the policy and failing to "***advise Plaintiff how, why, or in what way the coverage is allegedly excluded***." *See Meridian of Palm Beach Condo. Ass'n v. QBE Ins. Corp.*, 2007 WL 1364334, *2 (S.D. Fla. May 8, 2007) (emphasis added) ("This defense is stricken as wholly conclusory in that it does not provide fair notice as to how the quoted provision applies to the facts of the complaint.").

The Insurance Company has clearly taken a shotgun approach to defensive pleading, as evidenced by its complete failure to allege even a single fact in support of these two affirmative defenses. "Courts do not tolerate shotgun pleadings of affirmative defenses and strike vague and ambiguous defenses that do not address any particular count, allegation or legal basis of a complaint."  *See, e.g., Cano v. South Florida Donuts, Inc.*, 2010 WL 326052, *1 (S.D. Fla. Jan. 21, 2010).  The Court should prohibit the Insurance Company's shotgun approach to defensive pleading, which fails to provide Plaintiffs with fair notice of the factual basis supporting the Insurance Company's alleged defenses.

## The Insurance Company's Reservation Defense Is Meritless

The Insurance Company's attempt in its Twenty Sixth affirmative defense to reserve the right to assert additional defenses "is a nullity and surplusage as . . . [the Insurance Company] will still have to move for leave to amend to raise new defenses," and "[s]uch a motion will be considered on its own merits, without regard to . . . [the Insurance Company's] reservation of rights."  *Merrill Lynch Bus. Fin. Servs. v. Performance Mach. Sys. U.S.A.*, 2005 WL 975773, *12 (S.D. Fla. 2005) (striking an affirmative defense similar to the Insurance Company's "reservation defense").  The Insurance Company "get[s] no added benefit or consideration by having reserved a right to amend at a later date."  *Id*.  By definition, this defense is "immaterial"

CASE NO.: 2020-006968-CA-01
Page 4

and must be stricken.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests this Court strike the Insurance

Company's Eighteenth, Nineteenth, and Twenty Sixth affirmative defenses.

Respectfully submitted,

**MBG Law Firm**
*Attorney for Plaintiff*
10101 W. Sample Road, Suite 111
Coral Springs, Florida 33065
Telephone: (954) 779-6128

By: _____

Matthew B. Gold
Florida Bar No. 0086481
mgold@mbg-lawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via email

on this 24th day of July, 2020 to: crr@lcba-law.com; flservice@lcba-law.com; shd@lcba-

law.com.

_____

Matthew B. Gold

CASE NO.: 2020-006968-CA-01
Page 5

# EXHIBIT A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2020-006968-CA-01

NE 80th ST LLC,

         Plaintiff,

vs.

ASPEN SPECIALTY INSURANCE
COMPANY,

         Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes Defendant, Aspen Specialty Insurance Company ("Aspen"), and files this Answer to the Complaint filed by Plaintiff, NE 80th Street, LLC, as follows:

1.

The allegations of Paragraph 1 of the Complaint are denied except to admit that Plaintiff has asserted a claim which it believes to be worth in excess of $30,000.

2.

The allegations of Paragraph 2 of the Complaint are denied for lack of sufficient information as to what, if anything, Plaintiff may own.

3.

The allegations of Paragraph 3 of the Complaint are denied except to admit that Aspen is a foreign, surplus lines insurance company engaged in the business of issuing surplus lines policies in Florida.

4.

The allegations of Paragraph 4 of the Complaint are denied as written except to admit that Aspen issued policy no. PB7555418 wherein NE 80th Street LLC and 515 NE 83rd LLC appeared as the named insured, with effective dates of 7/27/2018 – 7/27/2019, for a property located at 519 NE 83rd Street Miami, Florida 33138, (the "Policy"). Said Policy is the best and only evidence of its content.

5.

The allegations of Paragraph 5 of the Complaint are denied as written except to admit that Aspen issued policy no. PB7555418 wherein NE 80th Street LLC and 515 NE 83rd LLC appeared as the named insured, with effective dates of 7/27/2018 – 7/27/2019, for a property located at 519 NE 83rd Street Miami, Florida 33138, (the "Policy"). Said Policy is the best and only evidence of its contents.

6.

The allegations of Paragraph 6 of the Complaint are denied.

7.

The allegations of Paragraph 7 of the Complaint are denied.

8.

The allegations of Paragraph 8 of the Complaint are denied.

9.

The allegations of Paragraph 9 of the Complaint are denied except to admit that claim number PB1870040036 was assigned.

10.

The allegations of Paragraph 10 of the Complaint are denied as written except to admit

2

that Aspen has not issued payment in connection with the claim.

11.

The allegations of Paragraph 14[1] of the Complaint are denied. Plaintiff failed to cooperate with Aspen's claim investigation by permitting full and timely inspection of the property, and failing to respond to requests for documentation and information.

12.

The allegations of Paragraph 15 of the Complaint are denied.

13.

The allegations of Paragraph 16 of the Complaint are denied.

14.

The allegations of Paragraph 17 of the Complaint are denied.

15.

The allegations of Paragraph 18 of the Complaint are denied.

16.

The allegations of Paragraph 19 of the Complaint are denied.

## **AFFIRMATIVE DEFENSES**

Aspen asserts the following affirmative defenses to the claims asserted by Plaintiff.

17.

Some or all of the damages alleged in Plaintiff's Complaint are not covered under the provisions of the Policy, in whole or in part, or may be excluded from coverage, in whole or in part, pursuant to the terms, conditions, exclusions, and limitations contained within the

---

[1] The Complaint omits paragraphs 11, 12, and 13.

3

Policy, the contents of which are plead as if copied herein *in extenso*. The relevant Policy

provisions may include, but are not limited to:

**A.    COVERAGE**
We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1.  Covered Property**
Covered Property, as used in this Coverage Part, means the type of property described in this Section, **A.1.**, and limited in **A.2.**, Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

**a.  Building,** meaning the building or structure described in the Declarations, including:
**(1)** Completed additions;
**(2)** Fixtures, including outdoor fixtures;
**(3)** Permanently installed:
**(a)** Machinery and
**(b)** Equipment;
**(4)** Personal property owned by you that is used to maintain or service the building or structure of its premises, including:
**(a)** Fire extinguishing equipment;
**(b)** Outdoor furniture;
**(c)** Floor coverings, and
**(d)** Appliances used for refrigeration, ventilating, cooking, dishwashing or laundering;
**(5)** If not covered by other insurance:
**(a)** Additions under construction, alterations and repairs to the building or structure;
**(b)** Materials, equipment, supplies and temporary structures, on or within 100 feet of the described premises, used for making additions, alterations or repairs to the building or structure.

\*\*\*

**2.  Property Not Covered**
Covered Property does not include:

**d.**  Bridges, roadways, walks, patios or other paved surfaces;
**f.**  The cost of excavations, grading, back filling or filling;
**g.**  Foundations of buildings, structures, machinery or boilers if their foundations are below:
**(1)** The lowest basement floor; or
**(2)** The surface of the ground if there is no basement.
**h.**  Land (including land on which the property is located), water, growing crops or lawns;

4

    **k.**  Property that is covered under this or any other policy in which it is more specifically described, except for the excess of the amount due (whether you can collect on it or not) from that other insurance;

    **l.**  Retaining walls that are not part of a building;

    **m.**  Underground pipes, flues or drains;

\*\*\*

**E.**    **Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

**3.**  **Duties In The Event Of Loss Or Damage**

    **a.**  You must see that the following are done in the event of loss or damage to Covered Property:

      **(1)**  Notify the police if a law may have been broken.

      **(2)**  Give us prompt notice of the loss or damage. Include a description of the property involved.

      **(3)**  As soon as possible, give us description of how, when and where the loss or damage occurred.

      **(4)**  Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim.  This will not increase the Limit of Insurance.  However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss.  Also, if feasible, set the damaged property aside in the best possible order for examination.

      **(5)**  At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

      **(6)**  As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

            Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

      **(7)**  Send us a signed, sworn proof of loss containing the information we request to investigate the claim.  You must do this within 60 days after our request.  We will supply you with the necessary forms.

      **(8)**  Cooperate with us in the investigation or settlement of the claim.

    **b.**  We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

Aspen sent multiple written requests to Plaintiff seeking documentation and information from the insured necessary to evaluate the claim. Plaintiff failed to provide meaningful responses to these requests. Further, Plaintiff failed to provide Aspen with full access to the property for inspection and restricted access to limited areas. In fact, Aspen made three attempts to conduct a full inspection of the property, but was denied access to the entire building on each occasion.

18.

The Policy is further subject to the following conditions which may limit or exclude damages claimed by the Plaintiff. The relevant Policy provisions may include, but are not limited to:

**A. CONCEALMENT, MISREPRESENTATION OR FRAUD**
This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
**1.** This Coverage Part;
**2.** The Covered Property;
**3.** Your interest in the Covered Property; or
**4.** A claim under this Coverage Part.
***
**H. POLICY PERIOD, COVERAGE TERRITORY**
Under this Coverage Part:
**1.** We cover loss or damage commencing:
    **a.** During the policy period shown in the Declarations; and
    **b.** Within the Coverage territory.

19.

The Policy also contains the following exclusions which may limit or exclude damages claimed by the Plaintiff. The relevant Policy provisions may include, but are not limited to:

**B. Exclusions**
**1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any

6

other cause or event that contributes concurrently or in any sequence to the loss.

\*\*\*

**g. Water**

    **(1)** Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);

    **(2)** Mudslide or mudflow;

    **(3)** Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment; or

    **(4)** Water under the ground surface pressing on, or flowing or seeping through:

        **(a)** Foundations, walls, floors or paved surfaces;

        **(b)** Basements, whether paved or not; or

        **(c)** Doors, windows or other openings; or

    **(5)** Waterborne material carried or otherwise moved by any of the water referred to in Paragraph **(1)**, **(3)**, or **(4)**, or material carried or otherwise moved by mudslide or mudflow.

This exclusion applies regardless of whether any of the above, in Paragraphs **(1)** through **(5)**, is caused by an act of nature or is otherwise cause. An example of a situation to which this exclusion applies is the situation where a dam, levee, seawall or other boundary or containment system fails in whole or in part, for any reason, to contain the water.

But if any of the above, in Paragraphs **(1)** through **(5)**, results in fire, explosion or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion or sprinkler leakage (if sprinkler leakage is a Covered Cause of Loss).

**h. "Fungus", Wet Rot, Dry Rot And Bacteria**

Presence, growth, proliferation, spread or any activity of "fungus", wet or dry rot or bacteria.

But if "fungus", wet or dry rot or bacteria results in a "specified cause of loss", we will pay for the loss or damage caused by that "specified cause of loss".

This exclusion does not apply:

    **1.** When "fungus", wet or dry rot or bacteria results from fire or lightning; or

    **2.** To the extent that coverage is provided in the Additional Coverage, Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria with respect to loss or damage by a cause of loss other than fire or lightning.

Exclusions **B.1.a.** through **B.1.h.** apply whether or not the loss event results in widespread damage or affects a substantial area.

**2.** We will not pay for loss or damage caused by or resulting from any of the

following:

    **d. (1)** Wear and tear;

      **(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

      **(3)** Smog;

      **(4)** Settling, cracking, shrinking or expansion;

      **(5)** Nesting or infestation, or discharge or release of waste products or secretions**,** by insects, birds, rodents or other animals.

      **(6)** Mechanical breakdown, including rupture or bursting caused by centrifugal force. But if mechanical breakdown results in elevator collision, we will pay for the loss or damage caused by that elevator collision.

      **(7)** The following causes of loss to personal property:

        **a.** Dampness or dryness of atmosphere;

        **b.** Changes in or extremes of temperature; or

        **c.** Marring or scratching.

      But if an excluded cause of loss that is listed in **2.d.(1)** through **(7)** results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

\*\*\*

    **f.** Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

\*\*\*

    **l.** Discharge, dispersal, seepage, migration, release or escape of "pollutants" unless the discharge, dispersal, seepage, migration, release or escape is itself caused by any of the "specified causes of loss". But if the discharge, dispersal, seepage, migration, release or escape of "pollutants" results in a "specified cause of loss", we will pay for the loss or damage caused by that "specified cause of loss".

      This exclusion, **l.,** does not apply to damage to glass caused by chemicals applied to the glass.

    **m.** Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

**3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

\*\*\*

    **b.** Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

    **c.** Faulty, inadequate or defective:

      **(1)** Planning, zoning, development, surveying, siting;

      **(2)** Design, specifications, workmanship, repair, construction,

renovation, remodeling, grading, compaction;

**(3)**    Materials used in repair, construction, renovation or remodeling;

**(4)**    Maintenance;

of part of all of any property on or off the described premises.

20.

In the alternative, because Plaintiff sured failed to satisfy one or more conditions precedent to recovery, as set forth above, including but not limited to Plaintiff's failure to allow examination of records relevant to Plaintiff's claims or otherwise cooperate in the investigation of the claim, Aspen is excused from performing under the Policy. Accordingly, Plaintiff has no cause of action against Aspen for which relief can be granted. Additionally and in the alternative, Aspen has fully performed any obligations owed to Plaintiff.

21.

Plaintiff's damages, if any, must be offset by the amount of the applicable policy deductible.

22.

In the alternative, Plaintiff is barred from any recovery against Aspen to the extent it is subsequently determined in discovery that Plaintiff failed to mitigate damages.

23.

Plaintiff's damages, if any, must be limited by the amount set forth in the limitations provisions of the Policy.

24.

Plaintiff has not provided Aspen with satisfactory proof of a covered loss.

## RESERVATION OF RIGHTS

### 25.

Aspen reserves all of its rights and defenses under the Policy, as well as under all applicable laws.

### 26.

Aspen reserves its right to supplement and amend its Answer to add additional affirmative defenses as necessary during the course of this proceeding.

## JURY TRIAL DEMAND

### 27.

Aspen demands a trial by jury as to all issues so triable.

WHEREFORE, Aspen Specialty Insurance Company, defendant herein, prays that the claims asserted against it be dismissed with prejudice, that judgment be entered directing that Plaintiff take nothing in this action, and that Aspen be awarded its reasonable costs and attorneys' fees, and such other and further relief as may be appropriate.

Respectfully submitted,

**LOBMAN, CARNAHAN, BATT, ANGELLE & NADER**

*/s Charles R. Rumbley*

**SARAH H. DIDLAKE**
Florida Bar No. 1015831
**CHARLES R. RUMBLEY**
Florida Bar No. 1018161
400 Poydras Street, Suite 2300
New Orleans, LA 70130
Tel.: (504) 586-9292 | Fax: (504) 586-1290
**shd@lcba-law.com**
**crr@lcba-law.com**
*Counsel for Defendant, Aspen Specialty*

10

*Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been furnished to Matthew Gold, counsel for Plaintiff, via the Florida Courts eFiling Portal eService, on this 4th day of June, 2020, to the designated addresses: mgold@mbg-lawfirm.com and dshannon@mbg-lawfirm.com.

*/s Charles R. Rumbley*
_____

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2020-006968-CA-01
SECTION: CA27
JUDGE: Oscar Rodriguez-Fonts

**NE 80TH STREET LLC**

Plaintiff(s)

vs.

**ASPEN SPECIALTY INSURANCE COMPANY**

Defendant(s)

_____/

**AGREED ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO RESPOND TO DEFENDANT'S DISCOVERY REQUEST**

      **THIS CAUSE**, having been agreed upon between counsel of record, on Plaintiff, NE

80th STREET, LLC, Motion for Extension of Time to Respond to Defendant's Discovery requests,

and the Court having considered same, it is hereupon:

      **ORDERED AND ADJUDGED** AS FOLLOWS;

1. That Plaintiff's Motion for Extension of Time to Respond to Defendant's Discovery
   Request is hereby **GRANTED**.
2. Plaintiff shall file a response to Defendant's Discovery thirty (30) days from the
   date of this Order.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 11th day of
August, 2020.

2020-006968-CA-01 08-11-2020 10:04 P

2020-006968-CA-01 08-11-2020 10:04 PM
Hon. Oscar Rodriguez-Fonts

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

Charles R. Rumbley, flservice@lcba-law.com

Charles R. Rumbley, crr@lcba-law.com

Charles R. Rumbley, flservice@lcba-law.com

Daniella Shannon, dshannon@mbg-lawfirm.com

Matthew B Gold, mgold@mbg-lawfirm.com

Matthew B Gold, dshannon@mbg-lawfirm.com

Michael Morris, mmorris@mbg-lawfirm.com

Michael Morris, michael@morris.law

Sarah Hunter Didlake, shd@lcba-law.com

Sarah Hunter Didlake, shd@lcba-law.com

**Physically Served:**

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2020-006968-CA-01

NE 80th ST LLC,

   Plaintiff,

vs.

ASPEN SPECIALTY INSURANCE COMPANY,

   Defendant.

_____/

## DEFENDANT'S EX-PARTE MOTION TO COMPEL PLAINTIFF'S ANSWERS TO INTERROGATORIES

Defendant, ASPEN SPECIALTY INSURANCE COMPANY ("Aspen"), by and through the undersigned counsel, and hereby files this Ex-Parte Motion to Compel Plaintiff's Answers to Defendant's Interrogatories pursuant to Rule 1.380, Florida Rules of Civil Procedure, and states as follows:

1. On or about June 4, 2020, Defendant served its Interrogatories and Request for Production on Plaintiffs. *A true and correct copy of the Interrogatories and Request for Production propounded on June 4, 2020, are attached and incorporated hereto as **Exhibit "A."***

2. Plaintiffs' responses to said discovery requests were due on or before July 6, 2020.

3. Plaintiffs failed to provide responses to the written discovery requests by July 6, 2020.

4. On July 24, 2020, Plaintiff filed a Motion for Extension of Time to Respond to Aspen's Discovery Request. An Agreed Order on this Motion was entered on August 11, 2020,

making Plaintiff's discovery responses due by September 10, 2020. *A copy of the Order is attached and incorporated hereto as **Exhibit "B."***

5.      On September 1, 2020, Plaintiff provided its Responses to Aspen's Requests for Production. However, Plaintiff did not answer the Interrogatories. As of the date of filing this motion, Plaintiff has still not responded to the Interrogatories.

6.      Counsel for Aspen has sent multiple e-mail communications to Plaintiff counsel requesting Plaintiff provide responses to the outstanding discovery requests. Aspen requested the responses be provided no later than October 12, 2020. *A copy of the correspondence dated October 5, 2020, is attached and incorporated hereto as **Exhibit "C."***

7.      There has been a complete failure to respond to Aspen's Interrogatories by the Plaintiff. To date, Plaintiff has yet to file or serve any responses to Defendant's Interrogatories. In addition, Plaintiff extension obtained from the Court to respond has long expired.

8.      By failing to file and serve timely responses, the Plaintiff has waived any objections to the Interrogatories.

9.      The requested discovery is necessary for Aspen to prepare its defense to Plaintiff's case. Aspen is prejudiced by Plaintiff's failure to provide the discovery responses.

10.     Aspen certifies that it has attempted to confer in good faith with Plaintiff for failing to make the discovery, in an effort to secure the information requested without court action. *See* **Exhibit "C."**

WHEREFORE, Defendant, ASPEN SPECIALTY INSURANCE COMPANY, respectfully requests the Court to enter an Ex-Parte Order compelling the Plaintiff to respond to Defendant's Interrogatories within ten (10) days, to rule that the Plaintiff has waived any

objections to the requests other than to attorney-client privilege, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**LOBMAN, CARNAHAN, BATT, ANGELLE & NADER**

*/s Charles R. Rumbley*

**CHARLES R. RUMBLEY**
Florida Bar No. 1018161
400 Poydras Street, Suite 2300
New Orleans, LA 70130
Tel.: (504) 586-9292 | Fax: (504) 586-1290
**crr@lcba-law.com**

*Counsel for Defendant, Aspen Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been furnished to Matthew Gold, counsel for Plaintiff, via the Florida Courts eFiling Portal eService, on this 13th day of October, 2020, to the designated addresses: mgold@mbg-lawfirm.com and dshannon@mbg-lawfirm.com.

*/s Charles R. Rumbley*

# EXHIBIT A

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2020-006968-CA-01

NE 80th ST LLC,

   Plaintiff,

vs.

ASPEN SPECIALTY INSURANCE COMPANY,

   Defendant.

_____/

## DEFENDANTS NOTICE OF SERVING INTERROGATORIES TO PLAINTIFF

**COMES NOW** the defendant, Aspen Specialty Insurance Company, ("Aspen"), by and through undersigned counsel, and propounds the following Interrogatories to Plaintiff, NE 80th ST, LLC, (hereinafter "Plaintiff" or "You" or "Your"), to be answered in writing and under oath pursuant to Rule 1.340, Florida Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been furnished to Matthew Gold, counsel for Plaintiff, via the Florida Courts eFiling Portal eService, on this 4th day of June, 2020, to the designated addresses: mgold@mbg-lawfirm.com and dshannon@mbg-lawfirm.com.

   Respectfully submitted,

   **LOBMAN, CARNAHAN, BATT, ANGELLE & NADER**

   */s Charles R. Rumbley*
   _____
   **CHARLES R. RUMBLEY**
   Florida Bar No. 1018161
   **SARAH H. DIDLAKE**
   Florida Bar No. 1015831
   400 Poydras Street, Suite 2300
   New Orleans, LA 70130

Tel.: (504) 586-9292 | Fax: (504) 586-1290
**crr@lcba-law.com**
**shd@lcba-law.com**
*Counsel for Defendant, Aspen Specialty Insurance Company*

## **DEFINITIONS**

1.      "Plaintiff", "you," "your" or "yours" refers to plaintiff, NE 80th ST, LLC, individually and collectively, and all representatives or persons acting for or on behalf of, or at the request of, the plaintiff.

2.      "Aspen" refers to Aspen Specialty Insurance Company, and all related or affiliated companies, employees, associates, or representatives.

3.      The term "document" means the original or a copy of any written, printed, typed, photocopied, photographic, videographic, electronic, e-mail and graphic matter of any kind or character and any recorded material, however produced or reproduced, in your possession, custody, or control or known by you to exist, including, without limiting the generality of the foregoing, all drafts, contracts, diaries, calendars, desk pads, correspondence, communications, telegrams, teletypes, memoranda, notes, studies, reports, lists, minutes and entries in books of any accountant relating or referring in any way to the subject matter of these interrogatories.

4.      "Identify" or "identification," when used with respect to any individual, means to state his or her full name, his or her present or last known employment, his or her present or last known address, and his or her most recent telephone number.

5.      "Identify" or "identification," when used with reference to a document, means to state the type of document, its present location and custodian, the date thereon, the identity of the

party or parties whose name or names appear thereon, identify the author of the document, or in lieu thereof, you may produce a copy of each such document.

6.      The term "Property" shall refer to the properties which are the subject of your lawsuit bearing the following address: 519 NE 83rd Street Miami, FL 33138.

## INSTRUCTIONS FOR USE

1.      All information is to be divulged which is in your possession, custody or control, or that of your attorney, investigators, agents or representatives of yours and/or your attorney.

2.      Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer shall be set out so that it is understandable.  If any of the interrogatories cannot be answered in full, please answer to the extent possible, indicating the part you are answering, and the reason why the interrogatory cannot be answered in full.  You are requested to submit supplemental information at a later date.

3.      If you lack information necessary to answer any of the interrogatories, please describe the specific effort made by you or anyone on your behalf to ascertain the information, and state as definitely as possible when you anticipate obtaining the information and supplementing your response.

4.      These interrogatories are intended as continuing interrogatories, requiring you to supplement your answers, setting forth any information within the scope of the interrogatories as may be acquired by you, your attorney, agents or representatives subsequent to the filing of your original answers.  Such supplemental responses are to be filed and served upon Defendant within 20 days of receipt for such information.

5.      When an interrogatory asks you to "identify" and/or "describe" the basis of a particular claim, contention, or allegation, include in your answer the complete factual basis for

that claim, contention, or allegation, and identify each person with knowledge of some or all of the factual basis and identify each document, communication, and legal theory that you contend supports, refers to, or evidences such claim, contention, or allegation.

6.     With respect to each interrogatory, in addition to supplying the information requested, you are to identify all documents that are related to the subject matter of each interrogatory and your answer thereto.

7.     If objection is made to any interrogatory or request for production of documents propounded below on the grounds that it requests information that falls within the attorney-client privilege, is protected by the work product immunity or for any other reason, or is covered by any other claim of privilege by protection, please provide the following information as to each objection:

(a)     The nature of the privilege or immunity invoked and all bases, both legal and factual, of its invocation;

(b)     If a document is involved, identify the document and give the date, author, recipient, persons to whom copies were furnished together with their job title, subject matter, the person(s) on whose behalf the privilege or immunity is asserted, and the request to which such document responds;

(c)     If an oral communication is involved, identify the communication, identify the person on whose behalf the privilege or immunity is asserted, and each and every person known to the defendant to whom the substance of the communication has been disclosed.

8.     With respect to any document requested herein that may have at one time existed but which has since been lost or destroyed, you are to state the date of and circumstances

4

surrounding such loss or destruction, the persons responsible for or involved in such loss or destruction, and the dates of, parties to, and nature of the document.

**INTERROGATORY NO. 1:**

Please list the name, address and telephone number of all witnesses whom you anticipate may be called by you as witnesses at the trial of the captioned matter.  As to all witnesses, please indicate the substance of their anticipated testimony.

**INTERROGATORY NO. 2:**

Please identify each and every witness statement you have obtained in the captioned matter. As to each statement, kindly identify the name, address and telephone number of the person(s) whose statement was obtained, the name address and telephone number of the person who obtained the statement(s), as well as the name, address and telephone number of all individuals who currently possess a copy of the audio tape or transcription of said statement.  If you contend that any statement is privileged, kindly indicate the name of the individual who gave the statement and the date the statement was obtained.

**INTERROGATORY NO. 3:**

Please identify the cause of the damage to the Property which is the subject of this litigation and the date on which you contend the Property was damaged.

**INTERROGATORY NO. 4:**

If you have ever asserted any other claim(s) for damages to Property which is the subject of this lawsuit, please identify the date the alleged damage occurred, the cause of the damage, a brief description of the damage, and the name of the insurer or other person or entity against whom a claim was made.

**INTERROGATORY NO. 5:**

For each claim identified in Answer to Interrogatory No. 4, please state whether or not the damage was repaired, the date the repairs were completed; and identify the total cost of the repairs.

**INTERROGATORY NO. 6:**

Please identify each and every exhibit or other piece of demonstrative evidence which you intend to introduce or display to the trier of fact at the trial of this matter.  As to each exhibit, identify any and all witnesses who will be used to authenticate or otherwise utilize said exhibit or demonstrative aid.

**INTERROGATORY NO. 7:**

Please identify any and all improvements, repairs, or alterations to your Property while you were the owner of said Property <u>prior</u> to the loss giving rise to your claim asserted in this lawsuit and identify the individuals, contractors or companies who performed said alterations, repairs or improvements.

**INTERROGATORY NO. 8:**

Identify and describe any repairs or improvements made by you to your Property after the loss giving rise to your claim asserted in this lawsuit, and identify the individuals, contractors or companies who made such repairs or improvements, and identify the amount of said repairs or improvements.

**INTERROGATORY NO. 9:**

Please identify the name, address, and phone number of every witness who has any knowledge, whether direct or indirect, that your Property was damaged as alleged within your Complaint.

**INTERROGATORY NO. 10:**

Identify and itemize all items or damages that you allege you are entitled to receive from Aspen pursuant to the controlling Aspen policy.

**INTERROGATORY NO. 11:**

If you have made a claim under any insurance policy other than the policy issued by Aspen for the loss alleged within your Complaint, please state the name of the company issuing any such policy, the policy number, and the amount of any payments made under the policy.

**INTERROGATORY NO. 12:**

Please state the name, address and telephone number of each and every engineer, contractor, remediation enterprise, subcontractor, and/or repairer that you (or anyone on your behalf) have communicated with regarding the damages and/or repairs for the property, at any time between the date of the loss as alleged in your Complaint and the present date.

**INTERROGATORY NO. 13:**

Please identify the cause of the loss or damage asserted in your Complaint, and identify all evidence which supports your claim that you sustained a loss covered by the Aspen policy.

**INTERROGATORY NO. 14:**

Please state whether you are seeking damages in an amount in excess of the sum of $75,000, exclusive of interests and costs, for the purpose of determining whether the amount in controversy in this matter is in excess of the jurisdictional requirement set forth by 28 U.S.C. §1332.

**INTERROGATORY NO. 15:**

Identify all members of NE 80th ST, LLC, and the address of their domicile. For any member who is not a natural person and is an incorporated entity, please identify the state of incorporation and the state where the entity's principal place of business is located. For any member who is a Limited Liability Company or other unincorporated entity, please identify all members and list the address of each member's domicile.

**INTERROGATORY NO. 16:**

Identify and provide the address and phone number of the current property manager and maintenance supervisor for the Property.

**INTERROGATORY NO. 17:**

Identify and provide the address and phone number of any maintenance personnel employed by You, as of the date of your responses and at the time of loss which is the subject of your Complaint.

**INTERROGATORY NO. 18:**

Please identify all other insurance policies secured by You which have ever been in place on the property while it has been in your care, custody and control. Include the policy number, inception and expiration date, agent, and company, and property covered.

**INTERROGATORY NO. 19:**

Please identify the person or person(s) who discovered the alleged loss, and the date on which the loss was discovered.

**INTERROGATORY NO. 20:**

Please identify all tenants occupying the property on the claimed date of loss.

STATE OF FLORIDA

COUNTY OF_____

      NE 80th ST, LLC, by and through _____, upon being duly sworn upon oath, deposes and says that the foregoing answers to interrogatories are true and correct to the best of my knowledge, information and belief at this time.

                           _____

                           NE 80th ST, LLC

                           By:_____

      The foregoing instrument was acknowledged before me this day of _____, 2020, by _____, who is personally known to me or who has produced as identification and who did take an oath.

                           _____

                           Notary Public

                           Print Name:_____

                           Commission No.:_____

My commission expires:

9

# EXHIBIT B

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2020-006968-CA-01
SECTION: CA27
JUDGE: Oscar Rodriguez-Fonts

**NE 80TH STREET LLC**

Plaintiff(s)

vs.

**ASPEN SPECIALTY INSURANCE COMPANY**

Defendant(s)

_____/

**AGREED ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO RESPOND TO DEFENDANT'S DISCOVERY REQUEST**

      **THIS CAUSE**, having been agreed upon between counsel of record, on Plaintiff, NE

80th STREET, LLC, Motion for Extension of Time to Respond to Defendant's Discovery requests,

and the Court having considered same, it is hereupon:

      **ORDERED AND ADJUDGED** AS FOLLOWS;

1. That Plaintiff's Motion for Extension of Time to Respond to Defendant's Discovery Request is hereby **GRANTED**.
2. Plaintiff shall file a response to Defendant's Discovery thirty (30) days from the date of this Order.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 11th day of August, 2020.

2020-006968-CA-01 08-11-2020 10:04 P

2020-006968-CA-01 08-11-2020 10:04 PM
Hon. Oscar Rodriguez-Fonts

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

Charles R. Rumbley, flservice@lcba-law.com

Charles R. Rumbley, crr@lcba-law.com

Charles R. Rumbley, flservice@lcba-law.com

Daniella Shannon, dshannon@mbg-lawfirm.com

Matthew B Gold, mgold@mbg-lawfirm.com

Matthew B Gold, dshannon@mbg-lawfirm.com

Michael Morris, mmorris@mbg-lawfirm.com

Michael Morris, michael@morris.law

Sarah Hunter Didlake, shd@lcba-law.com

Sarah Hunter Didlake, shd@lcba-law.com

**Physically Served:**

# EXHIBIT C



**LOBMAN CARNAHAN**
ATTORNEYS & COUNSELORS AT LAW   SINCE 1979

NEW ORLEANS, LOUISIANA
400 POYDRAS ST., SUITE 2300
NEW ORLEANS, LA 70130
PHONE: (504) 586-9292
FAX:    (504) 586-1290

**110 EAST BROWARD BOULEVARD
SUITE 1700
FORT LAUDERDALE, FLORIDA  33301**

TELEPHONE (954) 315-3915
———————

**WWW.LCBA-LAW.COM**

HOUSTON, TEXAS
PENNZOIL PLAZA
700 MILAM, SUITE 1300
HOUSTON, TX 77002
PHONE: (832) 871-5000

WRITER'S E-MAIL ADDRESS:
CRR@LCBA-LAW.COM

October 5, 2020

*Via Email*
Matthew B. Gold
10101 W. Sample Road, Suite 110
Coral Springs, FL  33065

      RE:    NE 80th Street, LLC v.
              Aspen Specialty Insurance Company
              11th Judicial Circuit No.:  2020-006968-CA-01
              Our File No.:  325.203783

Dear Mr. Gold:

      On June 4, 2020, Aspen Specialty Insurance Company served the Plaintiff with written discovery requests, including Interrogatories. The Plaintiff was to provide its responses to those discovery requests no later than September 10, 2020, which is the due date set by the Agreed Order on Plaintiff's Motion for Extension of Time. As of the date of this correspondence, we have not received the Plaintiff's Answers to Interrogatories. Accordingly, please provide the Plaintiff's Answers to Interrogatories no later than Monday, October 12, 2020.  If we do not receive the discovery responses as requested herein, we will have no choice but to file the attached motion with the Court and seek the appropriate relief.

      Sincerely,

      *s/ Charles. R. Rumbley*

      JAMES P. NADER
      CHARLES R. RUMBLEY

JPN/CRR

**Charles Rumbley**

| | |
|---|---|
| **From:** | Charles Rumbley |
| **Sent:** | Monday, October 5, 2020 1:57 PM |
| **To:** | mgold@mbg-lawfirm.com |
| **Cc:** | Daniella Shannon |
| **Subject:** | NE 80th Street, LLC v. Aspen |
| **Attachments:** | ex-parte motion to compel discovery responses.pdf; Ltr to Plaintiff 10-5-20 re discovery.pdf |

Good afternoon,

Please see the attached.

CHARLES R. RUMBLEY

Lobman Carnahan



400 POYDRAS STREET, SUITE 2300 NEW ORLEANS, LA 70130 - (504) 586-9292
700 MILAM STREET, SUITE 1300 HOUSTON, TX 77002 - (832) 871-5286
110 EAST BROWARD BLVD., SUITE 1700 FORT LAUDERDALE, FL 33301 - (954) 315-3915

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2020-006968-CA-01

NE 80th ST LLC,

       Plaintiff,

vs.

ASPEN SPECIALTY INSURANCE
COMPANY,

       Defendant.

_____/

## NOTICE OF CANCELLATION OF HEARING

PLEASE TAKE NOTICE that the undersigned has cancelled the hearing on **Thursday, December 10, 2020 at 9:30 a.m.** before **The Honorable Oscar Rodriguez-Fronts**, Miami Dade County Courthouse, 73 West Flagler Street, CA 27, Miami, FL 33130, on the following:

## DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S INTERROGATORY RESPONSES

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been furnished to Matthew Gold, counsel for Plaintiff, via the Florida Courts eFiling Portal eService, on this 7th day of December, 2020, to the designated addresses: mgold@mbg-lawfirm.com and dshannon@mbg-lawfirm.com.

                                 **LOBMAN, CARNAHAN, BATT, ANGELLE & NADER**

                                 */s Charles R. Rumbley*
                                 _____
                                 **CHARLES R. RUMBLEY**
                                 Florida Bar No. 1018161

400 Poydras Street, Suite 2300
New Orleans, LA 70130
Tel.: (504) 586-9292 | Fax: (504) 586-1290
**crr@lcba-law.com**
**FlService@lcba-law.com**

*Counsel for Defendant, Aspen Specialty Insurance Company*