UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

NE 80TH STREET, LLC,   CASE NO : 20-25306-CV

    Plaintiff,

v.

                                            JUDGE: UNGARO

ASPEN SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

**<u>JOINT SCHEDULING REPORT</u>**

Plaintiff, NE 80th Street, LLC, and Defendant, Aspen Specialty Insurance Company, collectively referred to as the "Parties," by and through their respective undersigned counsel and pursuant to the Court's Order, dated January 4, 2021, (Doc. 3), hereby file their Joint Scheduling Report, and Proposed Scheduling Order as follows:

1. A plain statement of the nature of the claim and any counterclaims, cross-claims, or third-party claim, including the amount of damages claimed and any other relief sought.

   This is a first party property insurance claim asserted by Plaintiff, NE 80th Street, LLC, for damages allegedly sustained on January 4, 2019, to an apartment building insured under a policy of commercial property insurance by Aspen Specialty Insurance Company. The property is located at 519 NE 83rd Street Miami, FL 33138. Plaintiff seeks damages due to an alleged collapsed pipe on the property and is seeking $717,896.56 for repairs to the property along with attorney's fees. Aspen has responded to the lawsuit and generally denies coverage exists for the alleged loss.

2. A brief summary of the facts which are uncontested or which can be stipulated to without discovery:

   - Aspen issued policy no. PB7555418 wherein NE 80th Street LLC and 515 NE 83rd LLC appeared as the named insured, with effective dates of 7/27/2018 – 7/27/2019, for a property located at 519 NE 83rd Street Miami, Florida 33138.

3. A brief summary of the issues as presently known:

   - Whether a loss occurred as alleged by the Plaintiff;
   - Whether there is coverage for the loss alleged by the Plaintiff; and
   - The amount of damages Plaintiff may be entitled to collect.

4. Whether discovery should be conducted in phases or limited to particular issues:

   The parties do not believe discovery should be conducted in phases or limited to particular issues.

5. A detailed schedule of discovery for each party.

   **Plaintiff:** NE 80th Street intends to complete the written discovery originally filed in state court before removal. The responses to written discovery will guide decisions as to depositions, but NE 80th Street contemplates deposing any claims adjusters used by Aspen (whether employees or independent contractors) in its investigation and review of NE 80th Street's claim, any persons involved in making the decision to deny the claim, all experts retained by Aspen, and Aspen's corporate representative.

   **Defendant:** Aspen intends to conclude written discovery which was initiated in state court prior to removal. Thereafter, Aspen seeks to depose the Plaintiff's corporate representative, any maintenance personnel or other persons employed by Plaintiff with knowledge of the matter, all experts retained by Plaintiff, and any tenants residing in the units which are the subject of this loss.

6. Proposed deadlines for joinder of other parties and to amend the pleadings, to file and hear motions and to complete discovery

   The parties refer to the attached, proposed scheduling order which sets forth the parties proposed deadlines.

7. Proposed approximate dates for final pre-trial conferences and trial.

   The parties propose trial be set for the June 2022 trial docket with a pre-trial conference to occur in the first week of May 2022.

8. The projected time necessary for trial and a statement of whether the case is jury or non-jury trial.

   Trial with a jury has been demanded. The parties anticipate trial will require 4 days.

9. A list of all pending motions, whether each motion is "ripe" for review, the date each motion became ripe, and a summary of the parties' respective positions with respect to each ripe motion.

   No motions are currently pending.

10. Any unique legal or factual aspects of the case requiring special consideration by the Court

    None at this time.

11. Any potential need for references to a special master or magistrate.

    None at this time other than any discovery disputes that may arise.

12. The status and likelihood of settlement.

    The parties have not discussed settlement. The likelihood of settlement is fair upon the conclusion of sufficient discovery.

13. Such other matters as are required by Local Rule 16. 1(B) and as may aid the Court in setting the case for status or pretrial conference and in the fair and expeditious administration and disposition of this action.

    None at this time.

14. The Parties do not anticipate any issues concerning the disclosure, discovery, or preservation of electronically stored information. The Parties do not foresee any issues regarding claims of privilege or protection as trial-preparation materials. However, the Parties anticipate any such issues to be resolved via discovery motions if they arise. The Parties believe at this time the limitations on discovery imposed under the Federal Rules of Civil Procedure and the Court's Local Rules without modification are appropriate in this case.

15. The parties certify that they have exchanged Rule 26 Disclosures as of the date of the filing of this Report.

Respectfully submitted:

**MBG Law Firm**
*/s/ Michael R. Morris*
Michael R. Morris, *of counsel*
FBN 70254
*Attorney for NE 80th Street, LLC*

**LOBMAN, CARNAHAN, BATT, ANGELLE & NADER**

*/s/ Charles R. Rumbley*

| | |
|---|---|
| 10101 W. Sample Road, Suite 100<br>Coral Springs, FL 33065<br>Tel: (954) 779-6128<br>Direct: (561) 903-0562<br>michael@morris.law<br>dshannon@mbg-lawfirm.com | **CHARLES R. RUMBLEY**<br>Florida Bar No. 1018161<br>400 Poydras Street, Suite 2300<br>New Orleans, LA 70130<br>Tel.: (504) 586-9292<br>Fax: (504) 586-1290<br>crr@lcba-law.com<br><br>*Counsel for Defendant, Aspen Specialty Insurance Company* |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 8th day of February, 2021, electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system and served a true and correct copy of same on counsel for Plaintiff.

                                                                  */s/ Charles R. Rumbley*