UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-25306-CIV-UNGARO

N.E. 80ᵗʰ STREET, LLC,
            Plaintiff(s),

v.

ASPEN SPECIALTY INS. CO. ,
            Defendant(s).
_____/

## SCHEDULING ORDER FOR PRETRIAL
## CONFERENCE AND TRIAL

THIS CAUSE is set for **Pretrial Conference** at **9:30 A.M.** on **SEPTEMBER 24, 2021** in

the Courthouse Building, 400 North Miami Avenue, Courtroom 12-4, Miami, Florida 33128.  The

parties shall be prepared to argue the merits of any pending motion(s) at the Pretrial Conference.

Settlement negotiations shall not justify any failure by the parties to conduct discovery.  The

parties shall adhere to the following time schedule:

## TIME SCHEDULE

| | |
|---|---|
| Cut-off date for adding parties or amending pleadings | **MARCH 19, 2021** |
| All discovery must be completed by | **JULY 16, 2021** |
| All motions including summary judgment motions, motions related to summary judgment motions and *Daubert* motions, and motions related to trial evidence must be filed by | **AUGUST 5, 2021** |
| Joint Pretrial Stipulation, Jury Instructions or Proposed Findings of Fact and Conclusion of Law must be filed by | **AUGUST 13, 2021** |

**ALL EXPERT DISCOVERY MUST BE COMPLETED BY THE DISCOVERY CUT-OFF. THEREFORE, THE PARTIES MUST AGREE UPON A SCHEDULE FOR EXPERT DISCLOSURES AND DEPOSITIONS WHICH WILL FACILITATE THEIR COMPLETION BY THAT DATE. THE PLAINTIFF SHALL FILE THE SCHEDULE WITH THE COURT WITHIN 30 DAYS OF THE ISSUANCE OF THIS ORDER. THE CONTENT OF THE EXPERT DISCLOSURES MUST CONFORM TO THE REQUIREMENTS OF**

**FEDERAL RULE OF CIVIL PROCEDURE 26.**

**THE TIME SCHEDULE CONTAINED IN THIS ORDER MAY NOT BE MODIFIED ABSENT PRIOR ORDER OF THE COURT.  IN THE EVENT THE COURT GRANTS A CONTINUANCE OF THE ORIGINALLY SCHEDULED TRIAL DATE, ALL OTHER DATES, INCLUDING THE PRETRIAL CONFERENCE DATE, SHALL REMAIN IN FULL FORCE AND EFFECT UNLESS THE COURT STATES OTHERWISE IN WRITING.**

To the extent this Order conflicts with the Local Rules, this order supersedes them.  Each attorney and each self-represented party is charged with the duty of complying with this Order.  Failure to comply with the time schedule may result in dismissal or other sanctions.  The parties are precluded from filing unilateral pretrial stipulations; any party causing unilateral pre-trial stipulations to be filed will be required to show cause why sanctions should not be imposed.

Exhibits must be pre-marked and exchanged prior to execution of the Joint Pretrial Stipulation.  Each exhibit should be marked with a sticker identifying the case number, exhibit number, and party offering the exhibit.

The Joint Pretrial Stipulation shall include a numbered list of trial exhibits, other than impeachment exhibits, **with objections**, if any, to each exhibit, including the basis for objections as provided in Local Rule 16.1(E)(9).  **The list of exhibits must list individual exhibits or individual composite exhibits and must include a column reflecting the opposing party's objections. The Court requires use of the form attached hereto as exhibit "A." The list of exhibits also shall identify those which the party expects to offer and those which the party may offer if the need arises.**  The failure of a party to object to the exhibits listed in the Pretrial Stipulation shall constitute a waiver of any objections, including objections under Rules 402 and 403 of the Federal Rules of Evidence.

The Joint Pretrial Stipulation also shall include a numbered list of trial witnesses, with their

2

addresses, separately identifying those whom the party expects to present, those whom the party may call if the need arises, and those who will testify as experts. Impeachment witnesses need not be listed. Witnesses whose testimony is expected to be presented by deposition shall be so designated on the witness lists. No later than the date of the Pretrial Stipulation, the party offering a deposition shall file with the Court designations of the pages and lines of deposition testimony to be offered at trial, together with the opposing party's cross-designations and objections to the offering party's designations, and the offering party's objections to cross-designations. Any party that intends to present testimony by deposition shall contact the Courtroom Deputy at (305) 523-5555 to obtain the form that the attorneys must use for deposition designations, cross-designations and objections.

The parties also must submit Joint Stipulated Proposed Jury Instructions and a Joint Proposed Verdict Form concurrently with submission of the Pretrial Stipulation.

YOU ARE HEREBY NOTIFIED that the above-styled cause is set for **TRIAL** during the **two-week** period commencing **OCTOBER 12, 2021**, at **9:00 a.m.**, before the Honorable Ursula Ungaro. Counsel shall report to a **Call** of the trial calendar at **1:00 p.m.** on **OCTOBER 6, 2021**, for a two-week trial calendar. At this time, each case will be assigned a number for trial. All cases will remain on the calendar until tried or until further notice is received by counsel from the Court.

If this case is to be tried by jury, the parties must submit proposed *voir dire* questions necessary to bring out information other than the identity or experience of prospective jurors no later than the Calendar Call.

WITH REGARD TO SETTLEMENT, if a case is settled, counsel are directed to inform the Court promptly at (305) 523-5550 and to submit an appropriate Order for Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1). Such an Order must be filed within five (5) days of notification to the Court.

**YOU ARE HEREBY REQUIRED TO FILE**, within ninety (90) days this Order, an

**Interim Joint Status Report** answering the following questions:

1.      Have all the defendants been served and answered the complaint? If not, state the reason(s) for the failure to do so.

2.      If this is a class action, has a motion for class certification been filed?  If so, what is its status?

3.      If discovery is not closed, what is the parties' agreed upon plan for the completion of discovery by the deadline, including but not limited to the exchange of all relevant electronically stored information?

4.      Are there any motions pending? If so, indicate the status of each motion separately.

5.      Have the parties filed their Notice of Selection of Mediator as required by the Court's Order of Referral to Mediator?

6.      Have the parties agreed to a place, date and time for mediation and has the lead attorney for the plaintiff(s) completed the form Order Scheduling Mediation and submitted it to the Court? If not, state the reason(s) for the failure to do so.

7.      Have the parties engaged in informal settlement negotiations? If so, explain the extent of the negotiations. If not, explain the reason(s) for the failure to do so.

8.      If the case is less than five days to try, have the parties  conferred and have they agreed to trial before a U.S. Magistrate Judge, wherein a date certain for trial may be given?

Absent leave of the Court, the parties shall communicate with the Court solely by motion or notice filed with the Clerk of Court and appropriately served on the other parties. Any party who, without receiving leave of Court, mails correspondence directly to the Court will be considered in

4

contempt of this Order.

 **DISCOVERY DISPUTES:** In cases assigned to Magistrate Judge Reid, Magistrate Judge Reid holds a regular discovery calendar. **In the event the case is assigned to Judge Reid, no written discovery motions, including motions to compel, for protective order, or related motions for sanctions shall be filed unless Magistrate Judge Reid so directs at her discovery calendar.** Counsel must actually confer in a genuine effort to resolve their discovery disputes before noticing the dispute for Judge Reid's discovery calendar. The Court may impose sanctions, monetary of otherwise, if it determines discovery is being improperly sought or being withheld in bad faith. If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, they shall not file written motions. Rather, the "moving party" shall contact the chambers of Magistrate Judge Reid at (305) 523-5780 and place the matter on the next available discovery calendar.

 **DISCOVERY DISPUTES IN ALL OTHER CASES:** The parties shall comply with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida, particularly Rules 7.1(a)(3) and 26.1.

 DONE and ORDERED at Miami, Florida, this _____16th_____ day of February, 2021.

            URSULA UNGARO
            UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### DISCOVERY PROCEDURE FOR
### <u>MAGISTRATE JUDGE LISETTE M. REID</u>

The following discovery procedures apply to all civil cases assigned to United States District Judge Ursula Ungaro.

If parties are unable to resolve their discovery disputes without Court intervention, Magistrate Judge Lisette M. Reid will set the matter for hearing without the need for filing a motion.

The moving party must seek relief within fifteen (15) days after the occurrence of the grounds for relief by contacting Magistrate Judge Reid's Chambers and requesting a hearing. Magistrate Judge Reid's telephone number is (305) 523-5780 and her Chambers are located at 301 N. Miami Avenue, 3rd Floor, Miami, Florida.

Once a hearing date is obtained, the movant shall provide notice to all relevant parties by filing a Notice of Hearing. The Notice of Hearing shall briefly specify the substance of the discovery matter to be heard and include a certification that the parties have complied with the pre-filing conference required by Southern District of Florida Local Rule 7.1(a)(3).

No written discovery motions, including motions to compel and motions for protective order, shall be filed unless requested by Magistrate Judge Reid.  It is the intent of this procedure to minimize the necessity of motions.

The Court expects all parties to act courteously and professionally in the resolution of their discovery disputes and to confer in an attempt to resolve the discovery issue prior to requesting the hearing. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is not being provided in good faith.

Attachment A